Dear Mr. Matherne:
You ask if you may continue to hold your employment with Nicholls State University if you are elected to the Louisiana House of Representatives.
Pursuant to the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., a stale representative holds elective office within the legislative branch of government, while employment with Nicholls State University constitutes employment within the executive branch of government. See R.S. 42:62(6) and (7).[1]
A person holding an elective office in the government of this state is prohibited from holding employment in the government of this state. R.S.42:63(C) provides:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time *Page 2 
appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
Despite the foregoing prohibition of law, there is an exemption which allows an individual employed in a professional educational capacity to hold an elective office. LSA-R.S. 42:66(B) provides:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
While there is no definition of "professional educational capacity" found within the provisions of the dual officeholding statutes, this office has consistently interpreted the phrase to mean the following, as stated in Opinion 94-278:
 The exemption found in LSA-R.S. 42:66(B) is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process. . . . (emphasis added).
On at least three different occasions, this office has concluded that a state legislator may continue his employment with a university, where his duties included teaching classes to students. See Opinions 95-425, 94-516, and 99-337, copies attached.
You advise that you hold the faculty rank of instructor and that you teach a course entitled "University Studies 101" to freshmen at Nicholls State University. It remains the opinion of this office that as teaching is a regular part of your duties at the university, you are employed "in a professional educational capacity" as contemplated by the exemption contained in R.S. 42:66(B), and may continue in your employment with the university should you be elected state legislator.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY:
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL *Page 1 
 ATTACHMENT July 2, 1996 OPINION NUMBER 94-278
78 — OFFICERS — Dual Office Holding
LSA-R.S. 42:63D.
LSA-R.S. 42:665.
LSA-R.S. 42:61 et seq.
The Director of Business Services at the University of Southwestern Louisiana is not employed in a professional educational capacity for purposes of LSA-R.S. 42:66B. and, thus, the director is prohibited by LSA-R.S. 42:63D, from concurrently holding the position of Alderman for the Village of Maurice, Louisiana.
Mr. Calvin E. Woodruff, Jr.
Cooper Woodruff
Post Office Box 1213
Abbeville, Louisiana 70511-1213
RICHARD P. IEYOUB, Attorney General
Dear Mr. Woodruff:
Your request for an opinion of the Attorney General on behalf of Mr. Wayne Theriot, Alderman for the Village of Maurice, Louisiana, has been received by this office and assigned to me for disposition.
As indicated in your letter of request, Mr. Theriot is an elected official of the Village of Maurice serving as an Alderman. Mr. Theriot is also employed on a full-time basis with the University of Southwestern Louisiana as Director of Business Services. You therefore ask whether the holding of these two positions concurrently violates the Louisiana Dual Officeholding Law, LSA-R.S. 42:61 et seq.
According to LSA-R.S. 42:63D., the holding of an elective office in a political subdivision of this state while holding employment with the state government is prohibited. Thus, employment with the University of Southwestern Louisiana while holding the office of Alderman of the Village of Maurice violates the Dual Officeholding Law.
LSA-R.S. 42:66B, however, provides for exemptions from the prohibitions found in the Dual Officeholding Law. Specifically, LSA-R.S. 42:66B. provides:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. *Page 2 
 Thus, if the exemption for employment in a professional educational capacity applies to Mr. Theriot's employment as the Director of Business Services, the prohibition found in LSA-R.S. 42:63D. will not prohibit the concurrent holding of the two positions at issue.
 The language "professional educational capacity" is not defined under the Dual Officeholding Law and the meaning of this provision is not clear from the statutory language itself. Thus, the legislative intent behind the enactment of this statute must be determined by going beyond this specific language by construing the language in the context of the statute as a whole. Gautreau v. Board of Elec. Examiners of City of Baton Rouge, 167 So.2d 425 (La.App. 1964). In addition, the statute must be construed so as to accomplish the purpose for which it was enacted and to give effect to legislative will. Respondent Co. v. Krauss Co., 9 So.2d 303, 200 La. 959 (La. 1942).
 The exemption found in LSA-R.S. 42:66B. is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process. Thus, an employee of an educational institution, such as University of Southwestern Louisiana, whose employment is not in a professional capacity and/or is unrelated to the institution's educational role would not fall within the exemption of LSA-R.S. 42:66B.
 The employment at issue in your opinion request is that of Director of Business Services at the University of Southwestern Louisiana. The job responsibilities of the director include supervision of the Bursar's Office the Cashier's Office, the Data Control Office, Accounts Payable Office and the University Post Office. Further, the director serves as Chairman of the University Fee Committee which reviews student appeals as they relate to their educational expenses. Thus, the director's duties primarily concern the payment of tuition and other educational expenses, personnel payroll and related matters. These functions involve the University's finances and are crucial to its survival, however, they do not involve the educational process. *Page 3 
 Therefore, it is the opinion of this writer that the Director of Business Services at the University of Southwestern Louisiana is not employed in a professional educational capacity for purposes of LSA-R.S. 42:66B. and, thus, the director is prohibited by LSA-R.S. 42:63D. from concurrently holding the position of Alderman for the Village of Maurice, Louisiana.
 I hope that this has sufficiently addressed your questions. If you require any further information, please do not hesitate to ask.
Yours very truly,
RICHARD P. IEYOUB
Attorney General
BY:
GINA M. PULEIO
 Assistant Attorney General *Page 1 
 ATTACHMENT September 27, 1995 OPINION 95-425
78 OFFICERS-Dual-Officeholding LSA-R.S. 42:63(C); LSA-R.S. 42:66(B)
Under the Dual officeholding and Dual Employment Law, a person may hold the office of stale legislator while holding employment as Assistant Teaching Professor of Nicholls State University.
Representative Warren J. Triche
House of Representatives
P.O. Box 802
Thibodaux, LA 70302
Dear Representative Triche:
This office is in receipt of your verbal opinion request of this date directed to Attorney General Richard P. Ieyoub.
You ask whether the Dual-Officeholding and Dual-Employment statutory provisions governing the simultaneous holding of certain positions would permit you to hold your position as legislator while holding employment as Assistant Professor of Nicholls State University. We conclude that an exemption within these provisions is applicable to your situation and that it is permissible for your to hold both positions concurrently.
Under LSA-R.S. 42:63, a person holding an elective office in the government of this state is prohibited from holding employment in the government of this state. LSA-R.S. 42:63(C) provides:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
There is an exemption which allows an individual employed in a professional educational capacity to hold an elective office. LSA-R.S.42:66(B) provides:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
In the opinion of this office, an individual who holds the rank of assistant professor and teaches a course at Nicholls State University is employed in a "professional educational capacity" with an educational institution. Because of the exemption contained in LSA-R.S. 42:66(B), it is *Page 2 
permissible for such person to also hold the office of state representative.
Based on these facts, we determine that you may continue to hold your position as state legislator while employed as the Assistant Professor of Nicholls State University.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:
 ASSISTANT ATTORNEY GENERAL *Page 1 
 ATTACHMENT June 12, 1996 OPINION 94-516
78 OFFICERS — Dual officeholding
LSA-R.S. 42:63(D); LSA-R.S 42:61 et seq,: LSA-R.S. 42:66(B)
Because of the exemption contained within the Dual Officeholding and Dual Employment laws of this state. an individual may hold elective office while holding employment with a state university as a teacher.
Honorable Thomas Warner
Representative
8320 Lafitte Court
Chalmette, LA 70043
Dear Representative Warner:
You inquire whether you may simultaneously hold your position as state legislator while holding employment as Acting Director of Administrative Services with Elaine P. Nunez Community College.
The law governing our response to your question is found within the provisions of the Dual Officeholding and Duel Employment law, LSA-R.S.42:61, et seq. Therein, under LSA-R.S. 42:63, a person holding an elective office in the government of this state is prohibited from holding employment in the government of this state. LSA-R.S. 42:63(C) provides:
 (C) No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
There is an exemption within the law which allows an individual employed in a professional educational capacity to hold an elective office. LSA-R.S. 42:66(B) provides:
 (B) Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
You advise you are required to teach at least one three (3) hour course at the university. For this reason, we are of the opinion that you are "employed in a professional educational capacity" under the statute. The exemption is applicable, and you may hold both positions concurrently.
Very truly yours.
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:
KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
 ATTACHMENT June 12, 1996 OPINION NUMBER 99-337
R.S. 42;61, et seq.; R.S. 42:66 (B)
A state legislator may also hold employment as a school teacher without violating the Dual Officeholding and Dual Employment Laws.
Honorable Errol "Romo" Romero
State Representative
300 Iberia Street, Suite A 326
New Iberia, La 70560-4543
Dear Representative Romero:
In response to your inquiry of recent date, this office is of the opinion that a state legislator may also hold employment as a school teacher without violating the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., because of the specific exemption provided by R.S. 42:66 (B):
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional education capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
RICHARD P. IEYOUB
ATTORNEY GENERAL
BY:
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
[1] R.S. 42:62(6) and (7) provide, respectively:
(6) The executive branch of state government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance; superintendent of education; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation.
(7) The legislative branch of state government includes the members of the Senate and the House of Representatives, the officers, agents, and employees of the legislature of either house or of a committee of either house thereof, the legislative auditor, legislative fiscal officer, or any other agency created by law which is primarily legislative in nature, and any other legislative officer, office, or instrumentality of the state.